BOLIN, Judge.
Thomas Wayne Salley, individually and as administrator of the estate of his minor child, Nanette Charlene Salley, brought suit against Mrs. Ann C. Adgate and her liability insurer for personal injuries received by the minor while she was a guest in an automobile being driven by Mrs. Adgate. From judgment in plaintiff’s favor in the sum of $10,000, defendants appeal and plaintiff answered the appeal praying for an increase in the award.
The facts are undisputed. On the date of the accident Mrs. Adgate picked up Nanette Charlene and Tommy Salley at their residence in Ruston and transported them in her automobile across town to the home of Mrs. Tommy Cooper. At the time these children were approximately 20 months and 4 years of age respectively. Also guests in the Adgate vehicle were Mrs. Cooper and her three small children, all of whom were under five years of age. When they arrived at the Cooper home Mrs. Adgate drove her car into the driveway. *639 Mrs. Cooper and her three children got out of the car, leaving in it with Mrs. Adgate, Nanette and her little brother Tommy. Immediately after Mrs. Cooper and her children alighted from the vehicle Tommy, who had been riding in the rear, was told by Mrs. Adgate to get in the front by climbing over the back of the seat. Immediately after Tommy sat on the front seat. Mrs. Adgate instructed him to lock the right front door of the automobile, which he did by pushing the locking button down. Mrs. Adgate then drove the automobile in reverse, turning the front wheels sharply to the left in order to turn the car completely around so as to enter the main highway head first instead of backing into it. After the automobile had made approximately one quarter of a circle in reverse movement, the right front door thereof came open and the child, Nanette, slid or was thrown out of the open door, hit the ground and the right front wheel passed over her head and the upper portion of her body, causing serious injuries to her. The vehicle was then brought to a complete stop, Mrs. Adgate got out, rushed to the child, picked her up and carried her into the home of Mrs. Cooper. An ambulance was called, the child was taken to the Ruston Hospital in Ruston, Louisiana where her condition was diagnosed and emergency treatment administered by Dr. Carter. She was then, accompanied by Dr. Carter and her mother, taken by ambulance to one of the Shreveport hospitals where she was treated by a neurosurgeon, Dr. Faludi.
Exactly how the child got out of the automobile we, of course, do not know. We do know that as Mrs. Adgate was making a backward circular motion of the automobile the right front door came open and there was enough force or momentum by the car to throw the child from the open door. Mrs. Adgate testified she did not check the door before she put the automobile in reverse motion but that she looked at it and thought it was closed. Mrs. Cooper, who had been a passenger in the automobile, testified she thought she closed the door but did not check to see whether or not it was securely closed. Tommy, the four-year-old boy, did manipulate the lock mechanism of the right front door upon instructions by Mrs. Adgate.
Mrs. Adgate and Mrs. Cooper, the only eyewitnesses old enough to testify, said there was general excitement and noise among the Cooper and Salley children as they were saying good-bye to each other. Mrs. Adgate likewise testified that from the time she put the automobile in reverse motion until she stopped it she did not at any time observe the movements of the child, Nanette, but, on the contrary, directed all of her attention away to her left in order to back her car.
The trial judge has favored this Court with a most excellent written opinion. He concluded plaintiff was entitled to recover either under the doctrine of res ipsa lo-quitur or the special charges of negligence alleged against Mrs. Adgate. For the reasons stated later herein we have concluded Mrs. Adgate was negligent in failing to exercise the required degree of care and caution toward this small child and, accordingly, we pretermit discussing the applicability of the res ipsa loquitur doctrine.
The only uncertainty surrounding this accident relates to one detail in the chain of events leading up to the injury. It must be conceded the child was injured by falling from the open door of an automobile. There are only two possible ways this door could have opened. The four-year-old boy either manually opened it by manipulating the handle or it flew open because it had not been securely fastened by Mrs. Cooper. Therefore, assuming the accident was caused by either method, was Mrs. Adgate negligent?
Eminent counsel for appellants contend in brief that to hold Mrs. Adgate liable for these injuries would in effect make her the insurer of the child’s safety and cite many authorities that such is not *640 the law. We fully realize an automobile host is not the insurer of the safety of his guests. The foundation of all liability in tort cases is LSA-C.C. Art. 2315 and the key word therein is “fault.” As aptly stated in Wiley v. Sutphin (La.App. 2 Cir. 1958) 108 So.2d 256:
“Under LSA-C.C. art. 2315 respecting liability for damages, liability is founded upon fault, and whether or not fault exists depends upon the facts and circumstances presented in each particular case. In the determination of the question of fault as respecting liability for damages, a common sense test is to be applied, that is, how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances? The degree of care to be exercised must always be commensurate with the foreseeable danger confronting the alleged wrongdoer. * * *
“Negligence is a want of ordinary or reasonable care, which should be exercised by a person of ordinary prudence under all the circumstances in view of. the probable danger of injury; and ordinary, reasonable or due care is that degree of care, which, under the same or similar circumstances, would ordinarily or usually be exercised by, or might reasonably be expected from, an ordinarily prudent person.”
The law is well settled that a motorist is held to a high degree of care when operating a motor vehicle in the vicinity where small children are known to be present. Most such cases in our jurisprudence have involved injuries to small children playing in the streets or highways. In such cases our courts have uniformly held the driver to an extremely high degree of care in anticipating unusual and impulsive actions characteristic of persons of immature years. See Rainwater v. Boatright, et al. (La.App. 2 Cir. 1952) 61 So.2d 212 and cases cited therein.
While we have been cited to no Louisiana cases where a small child fell from the open door of a moving car, we see no reason why the same general rules previously enunciated herein would not be applicable. The case of Llorens v. McCann, 187 La. 642, 175 So. 442 (1937) is somewhat analogous to the instant case. There, an eight-year-old boy jumped from the rear of a motor truck as it passed near his home and was killed. The court said the driver was negligent, first in not having discovered the boy’s presence on his truck, and secondly in not having realized the boy would become frightened as he passed his home and jump out. In assessing liability the court said :
“We are not aware -of a case like this in our jurisprudence, but the rule, which has been established with regard to the duty that automobile drivers owe to children in the streets is very strict. For example, in Albert v. Munch, 141 La. 686, 75 So. 513, L.R.A.1918A, 240, the court went so far as to say that the driver of an automobile who sees, 150 feet in front of him, two boys, of the age of ten and twelve years, respectively, trailing in a soap-box wagon behind an ice wagon, ‘should take such precautions in his driving as that, in no event or situation, conceivable to an intelligent man, will he run over and kill the boys.’ ”
Guillory v. Perkins (La.App. 1 Cir. 1942) 6 So.2d 177, involved injuries to a six-year-old child caused when she jumped from the rear of a moving truck. In holding the driver responsible the court cited the Llorens case, supra, and said:
“While we appreciate the fact that the defendant was trying to accommodate these two young children by bringing them home in his truck, yet he owed them the duty, as his guests, invitees or licensees, to exercise reasonable care to see that they were put in a place of safety and were not exposed to unusual dangers.”
*641 We also think the following general statement of law relating to the duty owed by a host driver to his guest is sound:
“Where the guest is a child, he is entitled to a greater degree of care than an adult in the same situation; in other words, the motorist, having undertaken to care for the child during the ride, is under a duty to take every reasonable precaution to prevent injury to him.” 60 C.J.S. Motor Vehicles § 399(1), page 980.
Whether the boy opened the door and the little girl fell from the car or whether the door was never securely fastened, the driver should have kept these children under her observation at all times. These small children were both on the same seat with Mrs. Adgate in the car. They were close enough to her that she could have held them with one of her arms. She undoubtedly could have watched them from the “corner of her eye.” The fact that she had the small boy to lock the door from the inside was of no value to their safety. As shown by the record the inside lock was merely to keep the door from being opened from the outside. There has been no reasonable explanation offered why she could not have kept these children under her constant observation while she was making this backing maneuver. There was certainly no traffic in Mrs. Cooper’s yard to cause her to completely take her vision from the children. She admittedly focused all of her attention on making the backing maneuver and we do not think this was either necessary or proper. It is inconceivable that a car door could either be intentionally or accidentally opened and a child fall therefrom and be run over without a careful and prudent driver having seen and prevented it. While we do not question Mrs. Adgate’s love for these chil dren, we nevertheless think she was legailj derelict in her duty toward them.
We find Mrs. Adgate failed to exercise the high degree of care required of her under our jurisprudence and such “fault” was the proximate cause of the resulting injury to the small girl.
The remaining question is quantum. Expert medical testimony by the doctors who examined and treated the injured child shows that as a result of the accident she received a basilar skull fracture, cerebral concussion, moderately severe, contusions and abrasions involving the left face, the occipital region of scalp, both shoulders and the neck. Fortunately, except for the extreme amount of pain, suffering and temporary discomfort, the little girl will have no permanent disability except a slight right facial weakness. We find the award of $10,000 for these personal injuries to be neither excessive nor inadequate.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.