DIXON, Judge.
This wrongful death action was brought by Mrs. Donna L. Pitts Taylor, the mother of a four-year-old child, Donald Keith Pitts. Donald was killed on the morning of March 4, 1968, near the driveway serving the duplex where he lived with plaintiff, the apparent victim of an unattended automobile rolling down the driveway. The automobile belonged to the defendant, Mrs. Alice Adkins, who also occupied the duplex where the accident occurred.
There was judgment in the district court for defendants, the trial judge having found in a written opinion that the evidence did not establish that the defendant, Mrs. Adkins, was negligent, and that “res ipsa loquitur” had no application.
On Sunday morning preceding the accident, Mrs. Adkins parked her car, a 1956 Plymouth sedan, in the drive next to the front porch. The driveway slopes down sharply from this point to the garage beyond the back of the house. As was her custom, Mrs. Adkins put her car in neutral and set the hand brake. There is no parking gear; the Plymouth had a push button shifting device for its automatic transmission. Her car windows were closed, and Mrs. Adkins did not again use the car until after the accident.
On Monday morning Mrs. Adkins was at her washing machine when she was at *566 tracted by a noise. On looking out her back door, she saw that her car had crashed through the garage doors and was in the garage. The body of the child lay on the ground, near the rear of the house, about six feet from the driveway.
Barely a couple of minutes before the accident, a neighbor had seen Donald and his two-year-old sister playing in the driveway at the front of the car. No one witnessed the accident. The car, after the accident, was found to have the left front window opened, the left front door not tightly closed, the cigarette. lighter on the floor, the windshield wiper turned on, and the radio switched on, but not on a station.
A week or so before, Mrs. Adkins had found Donald and his little sister playing in her automobile and had removed them. She reported the matter to the plaintiff, informing her that since the car door lock was broken, she could not lock the door to keep the children out.
The circumstances of this case do not lend themselves to the application of the doctrine of “res ipsa loquitur.” The instrumentality which caused the injury was not at the time of the accident in the exclusive control of Mrs. Adkins. The circumstances surrounding the accident do not naturally create an inference of negligence on the part of Mrs. Adkins.
Nor is the doctrine of attractive nuisance applicable. An automobile is a dangerous machine only in a sense. One at rest, parked in a driveway, with the parking brake operative, is no more dangerous than any other solid mass. The attractive nuisance doctrine has not in this jurisdiction extended liability for leaving unattended such a common and universally present and fundamentally useful object as a passenger automobile.
The plaintiff also argues that a motorist’s duty, knowing children are in the vicinity of an automobile, is so great that there is almost absolute liability if a motorist omits the slightest safety precaution.
The cases cited by plaintiff to support this contention have no application to the case before us. Rainwater v. Boatright, 61 So.2d 212 (La.App.1952) involved a child who ran into the street and was struck by an automobile being operated in a normal manner. Although the court stated that a driver was under an obligation to exercise a high degree of care in anticipating actions characteristic of immature children, the plaintiff failed to recover. In Salley v. State Farm Mutual Automobile Insurance Company, 157 So.2d 638 (La.App.1963), cited by the plaintiff to support the high degree of care which motorists owe children, the plaintiff did recover for injuries to a child; a child of tender years fell out of the front seat of an automobile and was run over by the same vehicle as the driver made a backing and turning maneuver. The court held that the driver’s devoting her entire attention to the backing maneuver and her failure to check and observe her passengers was negligence.
Other cases cited from other jurisdictions involving liability of operators of motor vehicles for leaving keys in unattended vehicles help us very little. The appellate courts in such cases were usually required to determine only whether the evidence was sufficient for the driver’s negligence to become a question for the jury to decide. Our problem is not whether there is sufficient evidence for the question to go to the jury, but whether Mrs. Adkins was, under the circumstances, guilty of negligence.
The automobile involved here had been in place in Mrs. Adkins’ customary parking place for twenty-seven hours. Mrs. Adkins had set the hand brake and the windows were closed. Appellant says this is not enough — that a child of four and one-half years could release the hand brake. We may assume that it was possible for a four and one-half year old boy to release the hand brake. We cannot assume, however, that it was foreseeable that a child of such tender years would do what is necessary to operate this mechanism.
*567 The appellant accuses Mrs. Adkins of negligence: (1) in parking on an incline; (2) in not putting the car in gear in addition to setting the hand brake; (3) in not cutting the wheels.
There is a statute which requires a motorist parking on an incline to turn his front wheels to the curb (R.S. 32:145). Even if we should say that the existence of the statute concerning parking on the highway is declaratory of a general duty for one parking in a driveway, we cannot say that cutting the wheels in this instance would have prevented the accident. There is evidence that some paint marks were found along the side of the house from the chimney near the front to the pillar at the rear. To hold that the failure to turn the wheels toward the house was a cause of this accident would be pure conjecture.
The record does not support plaintiff’s contention that, if one of the push buttons operating the gear mechanism, other than the neutral button, had been pushed by Mrs. Adkins, the car would not have rolled. The record indicates that this automobile was equipped with automatic drive, and there is no evidence that pushing one of the other buttons would have prevented its rolling. We can only find Mrs. Adkins guilty of negligence for parking on this inclined driveway if we decide that the law should impose on her a greater duty than setting the hand brake and closing the doors and windows of an old car which she could not lock. Setting the brake was the only manipulation to the automobile which she could make to prevent its accidental rolling. Should she have chocked her wheels ? The appellant does not suggest it. Children could remove chocks.
We are not prepared to hold that Mrs. Adkins should not have parked in her own drive. We are not dealing with some extraordinarily dangerous substance which could maim at a touch, like electricity or chemicals or explosive devices, but a common passenger automobile.
 It is reasonable precaution against foreseeable injuries with which adults are charged; we are not obligated to use every possible method of preventing harm to others — even to children of tender years. It would not' be reasonable for us to require this woman, in her circumstances, to use greater care to prevent accident to children in the common drive than she did.
Consequently, the judgment of the district court is affirmed, at appellant’s cost.