268 So.2d 290 (1972)
George WILLIAMS, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 11936.
Court of Appeal of Louisiana, Second Circuit.
October 17, 1972.
*291 Goodwin & Lee by Edmond A. Lee, Shreveport, for plaintiff-appellant.
Mayer & Smith by Paul R. Mayer, Shreveport, for defendant-appellee.
Before AYRES, HEARD and HALL, JJ.
HALL, Judge.
This is a tort action brought by George Williams as administrator of the estate of his eight and one-half year old son, Danny Williams, who sustained a broken arm and finger when he either was thrown or jumped from a pickup truck driven by Colidge Dixon, Sr. and insured by the defendant, Allstate Insurance Company. From a judgment in favor of the defendant, plaintiff appealed.
On September 21, 1971, Colidge Dixon, Sr. was driving his truck along Gamm Road in Caddo Parish in route to pull corn before an anticipated rain. In the truck with Dixon at the time were six boys and young men ranging in age from six through twenty-three. Dixon picked Danny Williams up to assist in pulling the corn. After the work was completed Dixon and the others got back in the truck, with Dixon and one boy in the cab and the others, including Danny, in the back of the truck with the corn. It was Dixon's intention to take Danny to his grandmother's home on Gamm Road.
The evidence shows that as Dixon approached the driveway leading to the grandmother's home and began slowing down, Danny suddenly jumped up from his position in the bed of the truck, moved onto a toolbox on the side of the truck and then jumped off the truck before it came to a complete stop. This sequence of events is borne out by the testimony of all of the other occupants in the back of the truck with Danny. The only person contradicting this testimony was Danny himself who testified he stood up as Dixon approached his grandmother's house and was thrown out when Dixon "throwed" on his brakes. Thus, the evidence clearly supports the trial court's conclusion, stated during the course of the trial, that Danny actually did jump from the side of the truck.
Plaintiff alleged and contends that Dixon was negligent in (1) allowing an eight year old child to ride unsupervised in the bed of his pickup truck; (2) applying his brakes while passengers were standing in the bed of his truck; and (3) operating his truck in an unsafe manner.
As discussed above, the evidence does not support plaintiff's contentions that Dixon suddenly applied his brakes or otherwise operated the truck in an unsafe manner. The central issue on appeal is whether it was negligence per se for Dixon to allow the eight and one-half year old boy to ride in the back of the pickup truck with the other passengers who included boys and young men ages six, ten, twelve, seventeen and twenty-three.
As a general rule, a person who undertakes the control and supervision of a child, has the duty to use reasonable *292 care to protect the child from injury. Such a person is not an insurer of the safety of the child, but is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm. Whitney v. Southern Farm Bureau Casualty Insurance Company, 225 So.2d 30 (La.App.3d Cir. 1969). Reasonable care is that degree of care which under the circumstances would ordinarily or usually be exercised by or might be reasonably expected from an ordinary prudent person. Tucker v. Travelers Insurance Company, 160 So.2d 440 (La.App.2d Cir. 1964).
In applying these well-recognized standards, the known characteristics and instincts of children must be considered in determining whether a person exercised the required degree of care. These known characteristics require a person to exercise a greater degree of vigilance and care toward children than toward adults. Llorens v. McCann, 187 La. 642, 175 So. 442 (1937).
The evidence shows that until Danny suddenly climbed on the toolbox and jumped from the truck, he was riding in a safe position in the bed of the truck behind the cab where a "grab bar" was mounted. One of the older boys tried to warn him as he climbed on the toolbox and jumped. Danny had ridden in the back of the pickup truck on previous occasions without incident. His testimony at the trial indicates average intelligence for his age and there is no evidence to the contrary.
Under the circumstances of this case, we find no fault on the part of Dixon in allowing Danny to ride in the back of the pickup truck. The older passengers were present. Danny rode in a safe position.
In this rural environment, he had ridden in the back of the truck on other occasions. It was not reasonably foreseeable that he would jump from the truck while it was moving.
Plaintiff cites two cases in which recovery was allowed for injuries to children riding in the back of trucks. Guillory v. Perkins, 6 So.2d 177 (La.App.1st Cir. 1942) and Llorens v. McCann, supra. In Guillory, a six year old girl, riding in the back of a truck with her eight year old sister, was injured when she jumped from the truck after it passed her home without stopping. The driver was held negligent under these circumstances, particularly in being inattentive and in not stopping to let the children out at their home. In Llorens, the court held it was negligence for a truck driver and his helper to overlook an eight year old boy who had climbed into the back of the truck and to carry him past his father's store, whereupon the child jumped from the truck and was killed. In our opinion, the cited cases are readily distinguishable on their facts and circumstances from the instant caseparticularly as to age of the child in Guillory, the circumstances of the child being in the truck in Llorens, the circumstances under which the children jumped in both caseswith one of the main distinguishing facts being the presence of other older passengers in the instant case.
Having found defendant's insured free of any negligence, it is not necessary to consider defendant's alternative plea of contributory negligence on the part of Danny Williams.
For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.
Affirmed.