FRED W. JONES, Jr., Judge.
Vernon Henson, individually and as administrator of the estate of his four year old son, Travis Henson, brought this suit to recover damages for injuries sustained by the child while riding as a passenger in a car owned by plaintiff and operated by Wendy Henson, plaintiff’s sixteen, year old daughter. Grain Dealers Mutual Insurance Company, which had issued the liability insurance policy covering the Henson vehicle, was made defendant. From a judgment in favor of plaintiff for policy limits of $25,-000, defendant appeals, contending that the trial court erred in finding that Wendy Henson was negligent and in holding that the “sudden emergency” doctrine was inapplicable.
We affirm.
The facts of this case are undisputed. At approximately 7:30 o’clock p.m. on August 21, 1978 Wendy Henson was driving her father’s automobile in an easterly direction on Interstate Highway 20 in Richland Parish. The only passenger in the vehicle was Travis Henson who was sitting in the middle of the front seat about two feet from his sister. The evidence indicated that this child was fascinated by the dials on automobile dashboards. On this particular occasion, as was his custom, Travis had been occupying himself by watching the movements of the various dials. Suddenly and without giving any warning to Wendy, Travis reached over, grabbed the steering wheel and pulled it in a downward direction. Since the car started swerving to the right, Wendy reacted by abruptly turning the vehicle to the left. In the course of this maneuver the car struck a guard railing on the side of a bridge and turned over, causing the serious injuries sustained by Travis.
Wendy testified that she was familiar with Travis’ habit of closely observing the various indicators on automobile dashboards and had, on occasion, seen the child grasp his father’s arm, while Henson was driving, in order to get a better look at the dials.
The plaintiff in Williams v. Allstate Insurance Co., 268 So.2d 290 (La.App.2d Cir. 1972), sought damages for injuries sustained by his eight year old son who was either thrown or jumped from the bed of a pickup truck. Discussing the duty of the *444 vehicle driver to the minor passenger, this court stated:
“As a general rule, a person who undertakes the control and supervision of a child, has the duty to use reasonable care to protect the child from injury. Such a person is not an insurer of the safety of the child, but is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm. Whitney v. Southern Farm Bureau Casualty Insurance Company, 225 So.2d 30 (La.App.3d Cir.1969). Reasonable care is that degree of care which under the circumstances would ordinarily or usually be exercised by or might be reasonably expected from an ordinary prudent person. Tucker v. Travelers Insurance Company, 160 So.2d 440 (La.App.2d Cir. 1964).
“In applying these well-recognized standards, the known characteristics and instincts of children must be considered in determining whether a person exercised the required degree of care. These known characteristics require a person to exercise a greater degree of vigilance and care toward children than toward adults. Llorens v. McCann, 187 La. 642, 175 So. 442 (1937).
Compensation for injuries to a 20 month old child who fell out of a car driven by defendant was sought in Salley v. State Farm Mutual Automobile Insurance Co., 157 So.2d 638 (La.App.2d Cir. 1963). Affirming a judgment in favor of plaintiff this court reasoned:
“The law is well settled that a motorist is held to a high degree of care when operating a motor vehicle in the vicinity where small children are known to be present. Most such cases in our jurisprudence have involved injuries to small children playing in the streets or highways. In such cases our courts have uniformly held the driver to an extremely high degree of care in anticipating unusual and impulsive actions characteristic of persons of immature years.
“While we have been cited to no Louisiana- cases where a small child fell from the open door of a moving car, we see no reason why the same general rules previously enunciated herein would not be applicable. ...”
In an excellent, well-reasoned written opinion, the trial judge in this case found Wendy negligent because:
“Since Wendy testified that she knew of Travis’ habit of viewing the dashboard figures and pulling up on whatever was available to get a better look, vigilance required that she either protect the steering wheel from him or be alert and prepared for any movement he made towards the wheel. It is not as if he were seated on the far side of the front seat and suddenly jumped from that apparently safe position to the steering wheel, but according to the witness’ own testimony he was situated about two feet therefrom in the middle of the seat.”
We agree with the trial judge that Wendy’s duty with respect to her young passenger was to exercise reasonable care to protect the child from injury. The recognized proclivity of small children to act on impulse and to do the unexpected must be taken into account in determining what constitutes reasonable care in a given situation. Further, if as here, the driver knows that the child has interfered with a driver on other occasions, the reasonable care standard mandates that he be particularly alert to that possibility when the child is sitting near him in a vehicle he is operating.
The evidence convinces us that the trial judge was correct in concluding that Wendy violated her duty of exercising reasonable care in this case by permitting Travis to sit close enough to interfere with her driving and by maintaining such a light grip on the steering wheel that this four year old child wrested its control from her.
Since we have concluded that the emergency with which Wendy was confronted was the result of her negligence, defendant’s reliance on the “sudden emergency” doctrine is misplaced. See Ellis v. Coleman, 309 So.2d 716 (La.App.4th Cir. 1975); Austin v. Collier, 304 So.2d 82 (La.App. 1st Cir. 1974); Edwards v. Sims, 294 So.2d 611 (La.App. 4th Cir. 1974).

*445
Quantum

Travis’ most serious injury resulting from the accident involved the malfunctioning of his right kidney, which required surgery for the removal of the lower portion of that organ, with the accompanying pain and discomfort during his convalescence. Although the prognosis is excellent, medical testimony established that the removal of a portion of a kidney renders one more susceptible to kidney diseases and related problems.
In view of the seriousness of this injury and possible consequences, we cannot say that the trial judge’s award of $25,000.00 in damages was an abuse of his wide discretion. See Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979).
For the reasons set forth, we affirm the judgment of the trial court at appellant’s cost.