513 So.2d 515 (1987)
Fred GAYDEN, Tutor of Frederick Ballard, Plaintiff-Appellant,
v.
Alex GEORGE, d/b/a McDonald's Restaurant, and McDonald's Corporation, Defendants-Appellees.
No. 18979-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1987.
*516 Larry D. Jefferson, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith, Cascio & Mullens by Bruce M. Mintz, Monroe, for defendants-appellees.
Before HALL, MARVIN, JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
The plaintiff, Fred Gayden, instituted this suit in his capacity as the qualified tutor of his minor child, Frederick Ballard, to recover damages for personal injuries sustained by the child while attending a birthday party at McDonald's Restaurant in Monroe, Louisiana. McDonald's Corporation and the franchise owner, Golden Foods, Inc., were made defendants. Plaintiff appeals a judgment rejecting his demands rendered pursuant to a jury verdict. Plaintiff contends the jury's finding of no negligence on the part of the defendants is contrary to the law and the evidence. We affirm.
In the early afternoon on April 21, 1984, a birthday party was held at McDonald's Restaurant in Monroe in honor of Antoine Smith who was seven years old. Frederick Ballard, who was almost two years old, attended the party accompanied by his aunt, Joyce Harris. The party was coordinated and supervised by Lisa Martin, a McDonald's employee.
At the beginning of the party, Ms. Martin accompanied the children, about twenty in number, outside the restaurant to the McDonald's playground. She supervised the children as they played for fifteen to twenty minutes. Ms. Martin and the children then returned to the restaurant where they ate hamburgers, ice cream and cake, opened gifts and played a game. Some of the children subsequently returned to the playground where Frederick fell off the merry-go-round and sustained a head injury. He was hospitalized for six days following the accident, but suffered no residual effects as a result of his injury.
Ms. Martin testified that after the children finished eating cake and ice cream, she announced the party was over. She stated the children inquired if they could return to the playground and she informed them to ask their parents because she would not supervise them on the playground a second time. Ms. Martin testified she also informed the parents they had to supervise the children if they returned to the playground after the party. Ms. Martin stated she did not return to the playground with the children a second time and while Ms. Smith was paying her for the party, a young girl brought Frederick to her stating he had fallen off the merry-go-round. She carried Frederick to his aunt who stated Frederick appeared to be okay. Ms. Martin testified she was trained to hostess birthday parties and she always followed the same routine. She stated the children are taken to the playground under her supervision for about fifteen minutes at the beginning of the party. The children then return to the restaurant where they eat, open gifts, and play a game. Ms. Martin then announces the end of the party. She testified the children usually ask to return to the playground and she tells them to ask their parents because she does not supervise them on the playground after the party.
Ms. Harris, Frederick's aunt, and Ethel Outley, the mother of the child for whom the party was given, testified that Ms. Martin was supervising the children on the playground when Frederick was injured. However, neither Ms. Harris nor Ms. Outley could testify they actually saw Ms. Martin enter the restaurant from the playground with Frederick after his accident nor did they specifically testify they saw Ms. Martin return to the playground a second time.
The jury found plaintiff failed to prove by a preponderance of the evidence that defendants were guilty of any negligence which caused Frederick's injuries.
*517 The sole issue on appeal is whether the jury's finding is clearly wrong.
Plaintiff contends Ms. Martin was negligent in failing to properly supervise the children when she took them to the playground the second time. He argues Ms. Martin was also negligent in failing to request help from the parents in supervising the children while on the playground. Plaintiff contends these acts of negligence caused Frederick harm and the jury verdict to the contrary is clearly wrong.
Defendants contend an operator of a restaurant is not the insurer of his patron's safety and is not liable for accidents occurring on the premises through no fault of his own. They argue Ms. Martin announced the end of the party and told the children and their parents she would not supervise the children on the playground a second time. For these reasons, defendants contend the jury verdict in their favor is not clearly wrong.
An owner of a business who permits the public to enter his establishment has a duty to exercise reasonable care to protect those who do enter. Rodriguez v. New Orleans Public Service, Inc., 400 So.2d 884 (La.1981); Berry v. City of Monroe, 439 So.2d 465 (La.App. 2d Cir.1983), writ den., 443 So.2d 597 (La.1983); Miller v. McDonald's Corporation, 439 So.2d 561 (La.App. 1st Cir.1983). This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. Rodriguez v. New Orleans Public Service, Inc., supra; Williams v. Winn Dixie of La., Inc., 393 So.2d 680 (La.1981). When the presence of small children is expected, the duty increases. Watts v. Town of Homer, 301 So.2d 729 (La.App. 2d Cir.1974), writ den., 305 So.2d 130 (La.1974); Taylor v. National Indemnity Co., 215 So.2d 203 (La.App. 3d Cir.1968). See concurring opinion in Clark v. McDonald's System, Inc., 383 So.2d 61 (La.App. 2d Cir.1980) which approved a judgment rejecting plaintiff's damage claim for an injury sustained by a small child on a McDonald's playground on a finding that plaintiff "failed to prove the existence of a condition which was unreasonably hazardous to small children." This concurring opinion was approved by the supreme court in a writ denied in Clark v. McDonald's System, Inc., 386 So.2d 95 (La.1980).
A person who undertakes the control and supervision of a child has the duty to use reasonable care to protect the child from injury. Such a person is not the insurer of the safety of the child, but is required to use reasonable care commensurate with the reasonably foreseeable risk of harm. Williams v. Allstate Insurance Company, 268 So.2d 290 (La.App. 2d Cir.1972); Hernandez v. Toney, 289 So.2d 318 (La.App. 1st Cir.1974); Freeman v. Wilcox, 303 So.2d 840 (La.App. 1st Cir.1974), writ den., 307 So.2d 630 (La.1975).
The trial judge or jury is in a better position to evaluate the credibility of witnesses and the weight of evidence than an appellate court which does not see or hear the witnesses. For this reason, a reviewing court should adopt the findings of the trier of fact as its own in the absence of clear error, even if other conclusions from the same evidence are equally reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Harris v. Pineset, 499 So.2d 499 (La.App. 2d Cir.1986), writ den., 502 So.2d 114 and 502 So.2d 117 (La.1987).
The absence of constant supervision of the playground by a McDonald employee does not create an unusual risk of harm. The appellant has cited no authority, and we have found none, requiring the operator of a playground to maintain constant supervision of children using the playground in order to comply with the duty to maintain the premises safe from unreasonable risk of harm. The McDonald playground consists of a small sliding board, a small merry-go-round and an enclosed short climbing tower. These are not devices on which children are very likely to be injured at play. This playground equipment does not create an unreasonable risk of injury.
We conclude the jury's finding of no negligence on the part of the defendants is not clearly wrong. Plaintiff made no contention that the merry-go-round on the playground was defective. He argues Ms. Martin was negligent in failing to properly supervise the children when she escorted *518 them to the playground a second time. Ms. Martin's testimony provided substantial evidence to support a jury finding that Ms. Martin did not escort the children to the playground a second time and had announced the end of the party before the children returned to the playground when Frederick was injured. This factual finding was inherent in the jury's conclusion that the plaintiff failed to establish by a preponderance of the evidence that there was any negligence established on the part of McDonald's Restaurant that was the cause of the injuries to the child.
Ms. Martin testified she informed the parents they would be responsible to provide supervision of the children on the playground after the party. She further testified the restaurant had a sign posted in the playground area which required all children under the age of twelve to be accompanied by their parents. This warning, coupled with defendant's policy of providing supervision only during birthday parties and their maintenance of safe playground equipment, was sufficient to render the premises safe from unreasonable risks of harm, even to small children. Cf., Godfrey v. Baton Rouge Recreation and Parks Commission, 213 So.2d 109 (La.App. 1st Cir.1968), writ den., 252 La. 958, 215 So.2d 128 (1968).
There is no evidence in this record to establish in what manner the child was injured by the merry-go-round. Any duty Ms. Martin had to supervise the child's use of the merry-go-round terminated when she returned the child from the playground to the interior of the restaurant.
Plaintiff failed to prove by a preponderance of the evidence that defendants breached their duty of keeping the premises safe from unreasonable risks of harm and the jury verdict in favor of defendants is, therefore, not clearly wrong.
For the foregoing reasons, the judgment appealed is affirmed at plaintiff's costs.
AFFIRMED.