NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-299


MARK MERTENS, ET AL.

VERSUS

CAMPO CREATIONS, LLC
D/B/A JUMP-N-JIVE, ET AL.


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
PINEVILLE CITY COURT, NO. 8-0847
HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE


**\*\*\*\*\*\*\*\*\*\***


OSWALD A. DECUIR
JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**Cook, J., dissents and assigns written reasons.**

**Saunders, J., dissents for reasons assigned by Judge Cooks.**


**REVERSED.**


**James A. Bolen, Jr.**
**Bolen, Parker, Brenner & Lee, Ltd., APLC**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**Counsel for Defendants/Appellants:**
   **Steadfast Insurance Company**
   **Campo Creations, LLC, d/b/a Jump-N-Jive**

**David A. Johnson**
**Attorney at Law**
**P. O. Box 8480**
**Alexandria, LA 71306**
**(318) 473-2523**
**Counsel for Plaintiffs/Appellees:**
      **Mark Mertens**
      **Holly Mertens**

**DECUIR, Judge.**

Mark and Holly Mertens filed suit against Campo Creations, LLC, d/b/a Jump-N-Jive, and its insurer, Steadfast Insurance Company, after their daughter sustained injuries while attending a birthday party at the Pineville Jump-N-Jive facility. After a bench trial, judgment was rendered in favor of the plaintiffs, finding the defendant, Campo Creations, to be 70% at fault and the plaintiffs 30% at fault. Damages totaling $91,000.00 were awarded to the plaintiffs. The defendants have appealed. For the following reasons, we reverse.

On the evening of December 8, 2007, the plaintiffs and their two daughters were at Jump-N-Jive for a birthday party. Meredith, age four, and Margaret, 23 months, were playing on an 18-foot inflatable, multi-lane slide while their parents stood at the bottom near the exit from the slide. Margaret weighed a mere twenty-two pounds and was thirty-one inches in height. With their parents' approval, the girls climbed to the top of the slide. As they came down the slide together in a single lane, Margaret either bumped into her sister or tumbled on her side and sustained a broken arm. After being seen in a local emergency room, Margaret was transported to Children's Hospital in New Orleans to be treated by Dr. Michele Zembo, a pediatric orthopedic surgeon. Surgery was performed, and the child made a full recovery.

In written reasons for judgment, the trial court concluded there was a lack of supervision and training of the teenage employees and the signs in the facility were insufficient to bar the Plaintiffs from recovery. The trial court also found the Plaintiff parents knew or should have known that there was a degree of risk associated with allowing such a young child to slide down such a large inflatable slide and, consequently, the court assigned thirty percent comparative negligence. The court awarded general damages of $50,000.00 to Margaret Mertens, and a total

of $80,000.00 to the parents for medical expenses and their own mental anguish. The awards were reduced by 30%.

The evidence in the record before us shows that Jump-N-Jive is a facility open to the public where children are allowed to play under the supervision of their parents, guardians, or other adults who assume responsibility for them. Jump-N-Jive is not a place where a child is dropped off and left in the custody of the facility's employees. Rather, Jump-N-Jive takes several measures to inform parents that they are responsible for the supervision of their children at all times. Signs are posted in the lobby and in the activity room. Employees point out the safety rules and signs. The inflatable play units each contain a sewn-in tag with height and weight restrictions. Employees are present to organize parties, monitor the children, prevent horseplay, and provide assistance when necessary.

The trial court found negligence on the part of Jump-N-Jive for the failure to properly supervise and train its employees. The owner of Jump-N-Jive, Lisa Campo, testified as to the training she provided, including how she instructs each employee on the proper use of the equipment. Because the children who play in the activity room are to be supervised by their parents, Campo does not instruct her employees to act as the enforcers of height, weight, or age requirements on the equipment. The employees testified that they cannot easily discern a child's height, weight, or age. The trial court characterized Campo's training of her employees as insufficient and found this to be a basis for liability.

We disagree with this conclusion. The plaintiffs did not offer evidence of what proper training might be, nor did they show what type of further training could have prevented this accident. It is not even clear in the record that Margaret's height, weight, or age caused her to be injured on the slide. There was no evidence that the employees could have overruled the parents' decision to let

2

Margaret play on the slide in question. In fact, the Mertens testified that Margaret had been on the slide on previous visits to Jump-N-Jive. The plaintiffs did not establish that they were not properly informed of the responsibility to supervise the children. In short, the record does not support a finding of negligence on the part of Jump-N-Jive.

In *Prier v. Horace Mann Insurance Co.*, 351 So.2d 265, 268 (La.App. 3 Cir.), *writs denied*, 352 So.2d 1042, 1045 (La.1997), this court explained: "essential to recovery [is] proof of negligence in failing to provide the required supervision and proof of a causal connection between that lack of supervision and the accident." Similarly, in *Gayden v. George*, 513 So.2d 515 (La.App. 2 Cir. 1987), the court found a McDonald's playground, which included signage, limited supervision, and properly maintained play equipment, to be free from unreasonable risks of harm. So it is in the present case. Signs alerted parents to their responsibilities, supervision was very obviously limited given the type of establishment, and the equipment was neither defective nor improperly maintained.

This case does not hinge on the veracity of witnesses or the strength of an expert's opinion. Rather, it depends on where the responsibility for a child's safety should lie. The Mertens and the trial court would have us impose the concept of *parens patriae*, which is a principle requiring the State to care for one not able to care for himself, such as a child who lacks proper care from his parents. We decline to impose such a high degree of responsibility on Jump-N-Jive, or on anyone who hosts a birthday party where inflatable play equipment, or even a slide or a merry-go-round or a pair of roller skates, might be present.

Accordingly, we reverse the decision rendered by the trial court. All claims asserted by the plaintiffs are hereby dismissed. Costs of the appeal are assessed to the plaintiffs.

**REVERSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

MARK MERTENS, ET AL.

VERSUS

CAMPO CREATIONS, LLC

**COOKS, J., dissenting.**

I respectfully dissent from the majority's decision to reverse the trial court and assess all fault in this matter to the parents of the injured child. I believe the record clearly supports the trial court's assignment of fault to Jump-N-Jive for the child's injuries.

I find no error in the trial court's specific finding that there was a failure to properly train and supervise the teenage staff that worked at the facility. It was established by Ms. Campo's testimony that her staff's training consisted of her reading to them the warning labels on the inflatables setting forth the minimum height, weight, and age restrictions. Despite any further training, Ms. Campo's testimony still shows the staff was made aware of the restrictions as to who could use the inflatables. However, Ms. Campo testified she did not expect her staff to enforce these restrictions, stating "it is the parent's responsibility."

As to the sheet that is signed by the parents of the children who come to Jump-N-Jive, and was signed by Ms. Mertens, it was argued by Defendants that this so-called "Jump Waiver" absolves Jump-N-Jive from any potential liability. The trial court found the record did not support this argument. I agree. Ms. Mertens testified she believed the "Jump Waiver' was simply a sign-in sheet. The testimony of the staff members revealed they routinely referred to the "Jump Waiver" as a sign-in sheet, and further could not state that they informed Ms.

Mertens that this sheet was intended as a waiver of liability. When this testimony is coupled with the fact that the "Jump Waiver" did not provide any indication that there were specific height, weight, and age restrictions on the inflatables, I find the trial court did not err in ruling the "Jump Waiver" did not shield Jump-N-Jive from potential liability.

It is clear that a twenty-three month old child does not come even close to meeting the height, weight, and age requirements to use this particular inflatable where the accident occurred. The majority relies on this fact and hammers it as the nail that places all fault on the parents. I agree the parents do share fault in the occurrence of this unfortunate accident. However, just because the parents are at fault does not preclude Jump-N-Jive from also being found liable for the accident. The staff members who were working and present should certainly have observed that the twenty-three month old child should not have been using the inflatable in question. Ms. Campo's testimony indicates her staff was aware of the restrictions on the inflatables, but were advised not to enforce those restrictions. I find this admitted instruction by Ms. Campo to be a business decision that was made at her own peril.

An owner of a business who permits the public to enter his establishment has a duty to exercise reasonable care to protect those who enter. *Gayden v. George*, 513 So.2d 515 (La.App. 2 Cir.1987); *Rodriguez v. New Orleans Public Service, Inc.*, 400 So.2d 884 (La.1981). The law is clear that a person who undertakes the control and supervision of a child has the duty to use reasonable care to protect the child from injury. Such a person is not the insurer of the safety of the child, but is required to use reasonable care commensurate with the reasonably foreseeable risk of harm. *Gayden*, 513 So.2d 515.

The majority cites the above case of *Gayden*, as support for reversing the trial court's assessment of liability against Jump-N-Jive. I disagree, and find this

case, if anything, supports the trial court's decision in the present case. In *Gayden*, a McDonald's restaurant hosted a birthday party and provided an employee who supervised the children on the playground for a period of time. After a period of time playing, the children attending the birthday party went inside the restaurant for food and ice cream. The employee then announced to the children *and* parents that playtime was over and she would not be supervising the children on the playground anymore. The court found the jury clearly accepted this testimony of the employee as credible, and that this "factual finding was inherent in the jury's conclusion" that there was no negligence on the part of McDonald's. Moreover, the employee testified she specifically informed the parents they would be responsible to provide supervision of the children on the playground after the party. It was also testified that the restaurant had a sign posted in the playground area which required all children under the age of twelve to be accompanied by their parents. The testimony by the staff members in the present case clearly sets forth that Ms. Mertens was not told that it was her duty alone to supervise her children. The staff members provided by Jump-N-Jive, by their presence, had a duty to use reasonable care commensurate with the reasonably foreseeable risk of harm. That was not done in the present case, and the trial court did not err in finding Jump-N-Jive liable. I find the majority opinion, unlike the opinion in *Gayden*, fails to afford the trial court's findings of fact the deference it is entitled to, and instead reevaluates the evidence to reach a different conclusion. I disagree and would maintain the apportionment of fault on Jump-N-Jive.