393 So.2d 827 (1981)
Charles E. GLEASON et al., Plaintiffs-Appellants,
v.
CITY OF SHREVEPORT, Defendant-Appellee.
David W. BREEDLOVE, et al., Plaintiffs-Appellants,
v.
CITY OF SHREVEPORT, Defendant-Appellee.
Nos. 14401, 14402.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
*828 Johnston, Thornton, Dawson & Hunter by James R. Dawson, Shreveport, for plaintiffs-appellants Charles E. Gleason & David W. Breedlove.
James O. McCrery, III, Asst. City Atty., Shreveport, for defendant-appellee City of Shreveport.
W. Glen Mangham, Asst. Dist. Atty., Shreveport, for third party defendant-appellee Caddo Parish Police Jury.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
PRICE, Judge.
In these consolidated cases the plaintiff homeowners appeal the judgment of the district court which rejected their demand for damages allegedly caused by the negligent maintenance of drainage facilities by defendants, the city of Shreveport and the Caddo Parish Police Jury. We find no error in the judgment and for the following reasons affirm.
The plaintiffs complain of flood damage allegedly sustained by them when two drainage ditches overflowed following a heavy rain on the night of May 6 and into the early morning hours of May 7, 1978.
Plaintiffs are homeowners in the Southdowns Estate subdivision in Shreveport. The ditches in question are earth channels as opposed to concrete-lined. The larger of the two ditches is approximately 55 feet in width in the vicinity of plaintiffs' homes. This ditch, referred to as the Summer Grove ditch, originates approximately three miles northwest of the plaintiffs' homes and flows in a southeasterly direction to a point three or four miles southeast of Southdowns Estates, where the ditch empties into the Wallace Lake-Boggy Bayou area. The smaller ditch, known as the Lambert ditch, is approximately 40 feet in width. This ditch originates about two and one-half miles northeast of plaintiffs' homes and flows in a southwesterly direction and ends by emptying into the Summer Grove ditch. The confluence of these two ditches is directly adjacent to the plaintiffs' properties.
In support of their contention that the defendants were negligent in the maintenance of these ditches, plaintiffs introduced the testimony of three civil engineers as well as a number of the property owners for the purpose of establishing a lack of due care on the part of defendants. This evidence shows there was a substantial growth of vegetation and some debris accumulated in the ditches which allegedly impaired the carrying capacity of the ditches to such an extent that they were unable to handle the runoff caused by the rainfall on the night of the flooding.
At the close of the plaintiffs' presentation, the defendants moved pursuant to La. C.C.P. Art. 1810(B)[1] to have plaintiffs' case dismissed on the grounds that the plaintiffs had failed to establish a lack of due care on the part of defendants or that any failure *829 to maintain the ditches actually caused the harm encountered by the plaintiffs. This motion was sustained by the trial court based upon its conclusion that the plaintiffs had failed to prove a causal connection between the alleged lack of maintenance and the actual damage sustained by plaintiffs. It is this judgment dismissing plaintiffs' case that is appealed.
On this appeal plaintiffs contend that their evidence was sufficient to prove that the lack of maintenance of the ditches and the resultant heavy vegetation was a cause of the damages sustained by them. Plaintiffs contend that the trial court erred as a matter of law as to the amount of evidence required by them to sustain their burden of proof. Plaintiffs contend they are only required to show that the alleged lack of maintenance was a contributing cause of their damage and not necessarily the sole cause. Plaintiffs further contend that the trial court erred in its evaluation of the evidence by failing to ascribe to the expert testimony the weight which it should have been accorded.
Unlike a motion for a directed verdict in a jury trial, La.C.C.P. Art. 1810(B) requires a judge to evaluate all the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. Sevin v. Shape Spa for Health & Beauty, 384 So.2d 1011 (La.App. 4th Cir. 1980). Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971).
In order to impose liability on the defendants in this case it is incumbent on plaintiffs to show that the complained of conduct was a cause in fact of the harm allegedly sustained by them. See Wall v. American Employers Insurance Company, 377 So.2d 369 (La.App. 2d Cir. 1979), affirmed 386 So.2d 79 (La.1980). The complained of conduct is a cause in fact of plaintiffs' harm if it is a substantial factor in bringing about the harm. Wall, supra; Le Jeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978).
The primary issue for resolution therefore is factual, i. e., did the plaintiffs prove by a preponderance of the evidence that the alleged lack of maintenance of the drainage ditches by defendants was a substantial factor in bringing about the flooding of plaintiffs' homes on the night of May 6-7, 1978.
Plaintiffs primarily relied upon the expert testimony of three civil engineers for the purpose of proving that the excessive vegetation in the ditches caused the flooding in question.
Expert evidence is weighed by the trial judge the same as any other evidence, and the trial judge is not bound by such testimony. Smith v. Andrepont, 378 So.2d 479 (La.App. 1st Cir. 1979), writ denied 380 So.2d 102 (La.1980). The weight expert testimony is entitled to receive is determined by the professional qualifications and experience of the witness and the circumstances and materials on which the opinion is based. Galloway v. Gaspard, 340 So.2d 579 (La.App. 1st Cir. 1976), and cases cited therein.
John Bowman, a civil engineer, was tendered as an expert in the field of design of drainage facilities for subdivisions. Bowman was of the opinion that the ditches would not have overflowed on the night in question if they had been properly maintained. The trial judge concluded that his opinion in reference to the issue of causation was not entitled to any weight because it was based upon the application of a formula which involved an assumed fact of "ordinary rain." The term "ordinary rain" was not defined, and therefore the validity of the formula utilized by Bowman, as well as the resulting opinion, was of no probative value. An expert's opinion given without stating the facts upon which it is based is of no value to the court and is entitled to no weight. State Through Department of Highways v. Gras, 131 So.2d 628 (La.App. 2d Cir. 1961).
*830 Another civil engineer testifying as to the effect of the vegetation in the drainage ditches was Charles Coyle. Coyle was of the opinion that the Lambert ditch (the 40-foot ditch which ran into the larger Summer Grove ditch) would have been incapable of passing a ten-year storm in 1978. This opinion was admittedly based on the condition of the ditch as perceived by Coyle from pictures taken in 1978 and descriptions of the condition of the ditch at that time. The trial judge afforded little weight to this testimony because Coyle's experience in flood analysis was very limited. The weight to be accorded his testimony was further diminished because of Coyle's failure to consider the effect of "backwater flooding" caused by the downstream blockage of the channel.
The balance of the expert testimony was elicited from E. J. French, the Shreveport city engineer in charge of streets and drainage. He was aware of the heavy vegetation present in the drainage ditches and stated that a certain amount of growth in these earth channels was desirable to retard erosion. French considered the erosion problem to be the main concern of the adjoining property owners. Although conceding that maintenance of the ditches was important, French did not have an opinion as to the degree of maintenance which would be desirable since this would depend on many variables. French testified that there was a backwater problem which affected the carrying capacity of these ditches.
Plaintiffs did not offer any evidence to show the actual amount of rainfall which fell for a designated period on this date or what the expected frequency of occurrence would be. Without such information it is difficult to see how plaintiffs' engineering experts could calculate with any degree of certainty the extent to which the overgrown vegetation or debris in the ditches contributed to the harm encountered by plaintiffs.
Plaintiffs' evidence simply shows that the two drainage ditches in question were substantially overgrown with vegetation; that a heavy rainfall occurred on the night of May 6 and the early morning of May 7; and that flood waters entered their homes.
Admittedly plaintiffs' expert testimony does show it is an accepted engineering principle that vegetation growing on the surface of an unpaved drainage facility will impede the rate of flow of water being discharged by the facility. However, this testimony of itself is insufficient to prove that the lack of maintenance complained of was a substantial factor in causing the flooding of plaintiffs' homes on this date.
We therefore find no manifest error in the finding of the trial court, and for the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed to appellants.
NOTES
[1] La.C.C.P. Art. 1810(B)

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.