499 So.2d 1046 (1986)
Wilbert DARTEZ, et ux., Plaintiffs-Appellants,
v.
POWELL OIL CO., et al., Defendants-Appellees.
No. 85-1019.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1047 Edward J. Marquet, Lafayette, for plaintiff-appellant.
Terry Theriot, Lafayette, for plaintiff-appellee.
James Guglielmo, of Guglielmo, Lopez and Tuttle, Opelousas, Candice Hattan, of Roy and Hattan, Lafayette, Ron Thompson, Baton Rouge, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns a passing vehicle hit by a truck when the truck negotiated a left hand turn. Ruby Dartez, wife of Wilbert Dartez, sustained severe injuries as a result of the accident. The truck was owned by Powell Oil Company (Powell) when an employee of Powell negotiated a left turn at an unmarked intersection on La. 26 and Landry road, located in a rural section of Jefferson Davis Parish. The trial court determined that the Department of Transportation and Development (DOTD) was not at fault in causing the accident and, therefore, was not the legal cause of Ruby Dartez' injuries. Plaintiffs appeal contending the trial court erred in finding the evidence did not establish DOTD had failed to provide the motoring public with safe highways. The issue presented is whether DOTD was at fault in its failure to determine that the "T" intersection at La. 26 and Landry Road required no passing markers to warn motorists of an impending intersection; and if so, was such fault the legal cause of the resulting injuries. We affirm.
Plaintiffs filed a suit, as well as Lydia Batiste (Batiste), against: Powell and its insurer, Reliance Insurance Company, John LeJeune, the driver of the Powell vehicle, DOTD, and the Jefferson Davis Parish Police Jury. The Dartezes filed two suits against Allstate Insurance Company, their public liability insurer  one suit filed in Jefferson Davis Parish and the other suit filed in St. Landry Parish. After the Jefferson Davis Parish Police Jury filed a declinatory exception of lis pendens, Ruby Dartez filed a motion to dismiss the Police Jury without prejudice; pursuant to the motion, a judgment of dismissal was granted. Since DOTD is a public body, a bifurcated trial was held in St. Landry Parish reserving to the trial judge the issue of DOTD's liability. After several witnesses testified, Wilbert and Ruby Dartez entered into a settlement with John LeJeune, Batiste, as a third party defendant, Powell, Reliance Insurance Company, and Allstate Insurance Company, but reserved their right to proceed against DOTD. Allstate agreed to dismiss its claims against Powell, and Wilbert and Ruby Dartez agreed to hold Powell harmless.

FACTS
Landry Road and La. 26 form a "T" intersection. On January 19, 1982, at approximately 4:30 p.m., the Powell truck was traveling south on La. 26 followed by the Dartez vehicle which was driven by Lydia Batiste. As Batiste began to pass the Powell truck, the Powell employee, John LeJeune, commenced negotiating a left turn at the intersection whereupon the vehicles collided, which caused Dartez and Batiste to sustain injuries. There was a dotted white line on La. 26. There were no other signals or markings on the road indicating an impending intersection was ahead nor were there any solid yellow lines prohibiting passing at this intersection. The intersection was visible at a distance of approximately 500 feet.

DOTD'S DUTY TO WARN
DOTD owes a duty to the traveling public to erect signs and markings to *1048 warn against extremely dangerous conditions or defects in the road. This is especially true where the situation is inherently dangerous or specifically required by statute. See LSA-R.S. 32:234; Ardoin v. State, Department of Highways, 333 So.2d 412 (La.App. 3rd Cir.1976), cert. denied, 337 So.2d 214, 528 (La.1976). The duty extends to properly signing and marking highways to alert unwary drivers to unusually dangerous conditions, such as an unexpected, unmarked or improperly marked intersection. Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App. 1st Cir.1968), writ denied, 217 So.2d 415 (La.1969).
In conjunction with the duty to protect motorists, DOTD has the authority to promulgate rules and regulations consistent with its statutory authority. Louisiana Highway Regulatory Act, LSA-R.S. 32:1-399. DOTD issues Engineering Directives and Standards Manuals in an effort to implement uniformed, controlled highway safety standards. On September 8, 1981, DOTD issued Volume 6 of this manual. We find chapter 4, section 1, directive 2, of the manual pertinent, which provides as follows:

"(b) No passing at special situations. No passing zones at other than hills and curves shall be determined by engineering studies or when one of the following conditions is met: (1) Highway Intersections. No passing zone markings are intended for use on approaches to street and highway intersections when the approach is controllled [sic] by a stop or yield sign or when the intersection is controlled by a flashing beacon or travel signal. Markings are not to be provided at driveways, private entrances or intersections other than listed above unless a need is established by engineering study ..." (Emphasis added.)

The test generally applied in determining what constitutes a dangerous hazard is whether the accident would have happened if a motorist was exercising ordinary care. Broussard v. Jefferson Parish, 375 So.2d 722 (La.App. 4th Cir.1979), writ denied, 377 So.2d 119 (La.1979).
Plaintiffs' and defendant's expert witnesses gave conflicting testimony as to whether the intersection was a dangerous hazard. Plaintiffs' expert, Dwayne Evans, a self-employed traffic consulting engineer with traffic operations as his specialty, opined that the intersection required no passing signs because of an inability to identify the area as an intersection. However, Evans failed to offer any engineering studies that showed an unusual number of accidents, and failed to articulate how this intersection created an inherent danger to motorists obeying the laws relative to passing and turning on state highways.
DOTD offered the expert testimony of Richard Flannagin, District Engineer. Flanagan testified that the intersection was visible at a distance of at least 500 feet and that warning signs and no passing markers are used only at "needed locations", such as major intersections. He further testified that the intersection at Landry Road and La. 26 was classified as a minor intersection and that all intersections of La. 26 by parish roads were treated as minor intersections, which did not require signs or yellow lines prohibiting passing.
A trial judge may reject the expert testimony of one witness, which is not supported by sufficient facts, and accept the testimony of another depending upon the relationship between the factual evidence and the experts qualifications and testimony. Faust v. Lombardo, 463 So.2d 745 (La.App. 4th Cir.1985), writ denied, 464 So.2d 1380 (La.1985); Gleason v. City of Shreveport, 393 So.2d 827 (La.App. 2nd Cir.1981), writ refused, 397 So.2d 806 (La. 1981).
An appellate court must give great weight to the factual conclusions of the trial court, and may not substitute its own evaluations and inferences for the reasonable evaluations and inferences of the trier-of-fact, unless those conclusions are manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
*1049 In the present case, the trial court did not find a legal need for warning or no passing signs at the intersection. Our careful review of the record convinces us that the trial court did not abuse its discretion in rejecting plaintiffs' expert testimony and accepting the expert testimony of DOTD. We further conclude that the trial court did not abuse its discretion in finding that the plaintiffs failed to establish by a preponderance of credible evidence that the intersection where the accident occurred was either inherently dangerous or presented an unusual risk of harm to motorists, albeit the plaintiffs were unfamiliar with the highway.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.