519 So.2d 366 (1988)
Mary L. FULLER, Plaintiff-Appellant,
v.
WAL-MART STORES, INC. and National Union Fire Insurance Company, Defendants-Appellees.
No. 19285-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
*367 Rellis P. Godfrey, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Vicki C. Warner, Shreveport, for defendants-appellees.
Before HALL, C.J., and MARVIN and SEXTON, JJ.
*368 HALL, Chief Judge.
In this personal injury action plaintiff-appellant Mary L. Fuller appeals the trial court's granting of an involuntary dismissal in favor of defendants Wal-Mart Stores, Inc. and National Union Fire Insurance Company, and a judgment awarding attorney's fees and expenses incurred by defendants in obtaining an ex parte order compelling discovery. Appellant contends (1) that the trial court erred in granting the involuntary dismissal under LSA-C.C.P. Art. 1672(B), and (2) that reasonable attorney's fees and expenses associated with obtaining an order to compel discovery should not be awarded where appellant was not afforded a hearing prior to issuance of the order. Finding appellant's arguments to have merit, we reverse and remand.
The essential facts which plaintiff alleged and sought to prove are as follows. On March 21, 1985 Mrs. Fuller and her daughter traveled to a Wal-Mart store located on Shreveport-Barksdale Highway in Shreveport. After her daughter parked the car Mrs. Fuller proceeded to the garden area. Her daughter traveled to another area of the store. While shopping in the garden area Mrs. Fuller caught her foot on the tongue of a cart protruding into a walkway and aggravated a pre-existing injury to her knee.
At the trial on the merits, Mrs. Fuller, her daughter, Dr. Richard M. Flicker, an expert in industrial psychology, and Dr. Clauretie, an expert in economics, testified. Depositions of Dr. Baer I. Rambach were introduced into evidence.
The evidence discloses that Mrs. Fuller is a licensed practical nurse who began her employment with Schumpert Medical Center in 1959. She continued to work there with intermittent interruption until January 6, 1985. Prior to this date, Dr. Baer I. Rambach diagnosed Mrs. Fuller as having degenerative arthritis in her right knee. On January 9, 1985, Dr. Rambach performed arthroscopic surgery upon the knee. This surgery consisted of cleaning of the knee joint or debridement of the area which included shaving of the patella to remove rough edges because of arthritic processes. This procedure affords the patient a temporary relief from severe discomfort and provides use of the particular joint until it may have to be replaced.
After the surgery Mrs. Fuller was recuperating as expected. Although her prognosis was not excellent she had a fair chance of recovery which included the ability to return to work as a licensed practical nurse.
Mrs. Fuller testified as follows. On March 21, 1985 she had advanced from walking with the aid of crutches to walking without them. She proceeded to the garden area located adjacent to the Wal-Mart building. This garden area was divided into two areas separated by a chain link fence. The smaller bedding plants were located outside the fence while the larger nursery plants were inside the fence. The fence had only one gateway-walkway, approximately 3 feet in width. Inside the nursery plant area the walkway was lined with cylinder block stands which supported larger nursery plants and created an aisle. In the nursery plant area there was a cashier's stand for persons who had selected plants in either area to pay for them. Along the chain link fence was a large red cart with a metal tongue several feet in length extending between one to two feet into the walkway.
After Mrs. Fuller selected bedding plants and put them on a tray provided by Wal-Mart she proceeded from the bedding plant area to the nursery area to pay for them. As she approached the fence she noticed the red cart but did not see the tongue protruding into the walkway. When she entered the gateway her right foot became trapped under the tongue. The cart did not move but her leg bent backwards. She did not fall nor drop her plants. Mrs. Fuller then walked around the tongue and went to the cashier's stand where she told a Wal-Mart employee of the incident. The employee checked Mrs. Fuller out, locked her cash register, and secured the tongue of the cart to the fence thereby removing it from the walkway.
Later that evening Mrs. Fuller began experiencing more pain and swelling in her *369 knee. Mrs. Fuller stated that she contacted Dr. Rambach's office about the pain and swelling but could not see him until April 8, 1985, eighteen days later. Her pain and swelling has continued and has affected her both physically and emotionally. She intended to go back to work to help support her family but is unable to do so because of her disability.
Dr. Rambach's depositions revealed that if Mrs. Fuller had not reinjured her leg and had a full recovery, she was expected to return to work as a licensed practical nurse. As a result of her now slowed recuperation and disability she is not expected to return to Schumpert in that capacity.
Dr. Flicker, after interview and testing of Mrs. Fuller, described her future employability to include sedentary type work having a starting pay level somewhere between minimum wage and $4.75 per hour. Dr. Clauretie, after review of Mrs. Fuller's tax returns, Dr. Flicker's report, and conference with Schumpert's personnel office, estimated her future loss of wages and earning capacity.
At the close of plaintiff's case defendants moved for dismissal. The trial court granted an involuntary dismissal under LSA-C.C.P. Art. 1672(B).
The court orally stated in part:
"That's the only evidence and it all comes from the plaintiff, so you have self-serving declaration ... You haven't shown any negligence on behalf of Wal-Mart or its employees. You haven't shown that the premises is defective, that the cart was defective, that the cart was owned by Wal-Mart, that the design of either the cart or the design of the gate or the entrance or the exit or the garden area is defective or negligently maintained ... There has been insufficient showing that it is fault or liability without negligence or strict liability. I just don't see any theory upon which the plaintiff met a burden of proof at all as for fault ... If I had proof of [the cart obstructing the walkway] independent of what [Mrs. Fuller] said then you would be a lot closer to that ... I don't have anything that shows or tends to show that the cart was, in fact, there on that occasion. All I have is [Mrs. Fuller's] testimony that it was there and she bumped into it and it was an uncomfortable incident ... It takes more proof than what I heard to put the burden on the defendant to exculpate itself from liability with or without negligence. I don't think there's been enough showing to shift the burden on the defendant ..."
INVOLUNTARY DISMISSAL
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action as to him on the ground that upon the facts and law the plaintiff has shown no right to relief. LSA-C.C.P. Art. 1672(B).
Plaintiff argues that the trial judge erred in granting the involuntary dismissal at the close of her case. We agree.
Unlike a motion for a directed verdict in a jury trial, LSA-C.C.P. Art. 1672(B) requires a judge to evaluate all the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. See Caldwell v. Texas Industries, Inc., 419 So.2d 86 (La.App. 2d Cir.1982) writ denied 423 So.2d 1149 (La. 1982); Gleason v. City of Shreveport, 393 So.2d 827 (La.App. 2d Cir.1981) writ denied 397 So.2d 806 (La.1981); Sevin v. Shape Spa for Health & Beauty, 384 So.2d 1011 (La.App. 4th Cir.1980). Proof by a preponderance of the evidence simply means that taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Moreno's Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Gleason v. City of Shreveport, supra.
Although a plaintiff is entitled to no special inferences in his favor, uncontroverted testimony should be taken as true to establish a fact for which it is offered absent circumstances in the record casting suspicion on the reliability of the testimony and a sound reason for its rejection. Johnson *370 v. Insurance Company of North America, 454 So.2d 1113 (La.1984); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Pool v. G.N. Batteries, Inc., 480 So.2d 898 (La.App. 2d Cir.1985).
Nothing in the record indicates that the testimony of Mrs. Fuller or her other witnesses is suspect. She testified and her daughter corroborated the fact that they went to Wal-Mart on March 21, 1985. She also testified as to seeing the red cart next to the gate prior to entering the gateway. She stated that she walked slowly and her foot became trapped under the protruding tongue. She candidly stated that she did not fall nor drop the plants she was carrying. Her increased pain and swelling was corroborated by Dr. Rambach's depositions and medical records. All of plaintiff's testimony should have been accepted as true in the absence of contrary evidence.
An owner of a business who permits the public to enter his establishment has a duty to exercise reasonable care to protect those who enter. Gayden v. George, 513 So.2d 515 (La.App. 2d Cir.1987); Rodriguez v. New Orleans Public Service, Inc., 400 So.2d 884 (La.1981). This duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. Rodriguez v. New Orleans Public Service, Inc., supra; Gayden v. George, supra.
After a plaintiff proves there was a foreign substance or obstruction on the floor of a self-service store that caused plaintiff to trip and sustain an injury, the burden of proof shifts to the owner of the store to exculpate itself from the presumption that it was negligent. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La. 1987); Kavlich v. Kramer, 315 So.2d 282 (La.1975).
The trial court was clearly wrong in granting the motion to dismiss. Plaintiff established a prima facie case. Her testimony established the fact that the cart's tongue protruded into the walkway, creating an unreasonably dangerous condition. The doctor's testimony established that her walking into the tongue caused an aggravation of her pre-existing injury, resulting in slowed recuperation and further disability. At this point Mrs. Fuller had established her case by a preponderance of the evidence and the burden of proof shifted to Wal-Mart to present evidence to exculpate itself.
MOTION FOR ORDER COMPELLING DISCOVERY
Prior to trial, defendants took the discovery deposition of Dr. Richard Flicker, plaintiff's expert in industrial psychology. When asked to state his expert opinion pertaining to Mrs. Fuller, Dr. Flicker did not respond upon the instruction of Mrs. Fuller's counsel. The deposition was terminated. That same day, defense counsel applied for and obtained an ex parte order compelling Dr. Flicker to answer the question. There was no hearing prior to issuance of the court's order. The deposition was completed. At a later date, the parties conducted arguments before the trial court on the question of whether defendants were entitled to attorney's fees in connection with obtaining the order compelling discovery. The court awarded $200.00 plus costs associated with obtaining, filing and serving defendants' motion to compel discovery.
Appellant contends that since no hearing was afforded prior to issuance of the order compelling discovery, defendants were not entitled to reasonable attorney's fees and expenses.
LSA-C.C.P. Art. 1469 provides in part:
"A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
(1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, *371 in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.
(3) For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer.
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust...."
Appellees contend that since they were clearly entitled to an order compelling discovery of plaintiff's expert's opinion, no hearing was necessary prior to granting the order.
While an expert's opinion is discoverable, discovery is not without limitation. The scope of and limitations upon discovery of a witness, including an opponent's expert, is regulated by LSA-C.C.P. Arts. 1422-25. Weidenbacher v. St. Paul Fire and Marine Insurance Co., 347 So.2d 1160 (La.1977). The party seeking the order to compel discovery must provide supporting proof to show that the discovery sought is within the scope of these articles, and a motion to compel should not be granted ex parte. LSA-C.C.P. Art. 963. In providing for reasonable notice to other parties, LSA-C.C.P. Art. 1469 contemplates a contradictory hearing on the motion.
Since appellees did not follow the procedure required in obtaining the order compelling discovery, reasonable attorney's fees and expenses incurred in obtaining the order should not have been awarded.
DECREE
The judgment granting the involuntary dismissal is reversed and the case is remanded to the district court for further proceedings including completion of the trial.
The judgment awarding attorney's fees and expenses for obtaining the order compelling discovery is reversed and appellees' demand therefor is rejected.
Costs of this appeal are assessed to the appellees.
REVERSED AND REMANDED.