GUIDRY, Judge.
Plaintiff, Catherine Crowell, appeals a judgment which sustained defendants’ (City of Alexandria and Deborah Marzula) motions for involuntary dismissal of her tort suit which were filed at the close of plaintiff’s case. We affirm.
At approximately 6:30 p.m. on September 7, 1984, plaintiff was operating a 1978 Oldsmobile Omega easterly on Hill Street in Alexandria, Louisiana. As she approached the intersection of Hill and Hickory Streets, plaintiff was passed, on the left, by a pick-up truck, owned and operated by defendant, Deborah Marzula. According to plaintiff, Ms. Marzula yelled to her as she passed plaintiff’s car. This allegedly distracted plaintiff’s attention causing her vehicle to drift to the right where the automobile encountered a curb drain. The impact between the drain and the car’s right front tire, blew out the tire and allegedly caused plaintiff to lose control of the vehicle. Ms. Crowell was thrown from the car onto the street. She sustained numerous lacerations, abrasions and contusions. The car jumped the curb and came to rest against a tree in a residential yard.
At trial, Ms. Marzula denied yelling to plaintiff. She testified that she passed Ms. Crowell because of the slow movement of her vehicle. According to Ms. Marzula, she was approximately one-half block ahead of Ms. Crowell when she observed the acci *139 dent in her rear view mirror. Ms. Marzula could shed no light on what may have caused the accident, stating that plaintiff’s car just veered to the right and hit the drain. There were no other witnesses to the accident.
It was established, through the testimony of both plaintiff and defendant, Marzu-la, that the two had been friends for some time, had roomed together for a period and had spent several hours together before the accident, during which time each had consumed some alcoholic beverages.
Suit was instituted against the City of Alexandria under the theories of strict liability and negligence, pursuant to La.C.C. arts. 2315 and 2317. By supplemental and amending petition filed more than one year after the accident, suit was also brought against Deborah Marzula and her insurer, State Farm Insurance Company. A second supplemental and amending petition claimed that Deborah Marzula was intoxicated at the time of the accident and sought exemplary damages pursuant to La. C.C. art. 2315.4.
At the close of plaintiff’s case in chief, the court granted motions for involuntary dismissal of her claims against both defendants pursuant to La.C.C.P. art. 1672(B), which provides:
“In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
The trial judge, in oral reasons for judgment, concluded that the curb drain at the corner of Hill and Hickory streets was not unreasonably dangerous to persons exercising ordinary care and reasonable prudence, nor was there any evidence to otherwise establish negligence on the part of the City.[1] Likewise, the trial court determined that plaintiff failed to establish any negligence on the part of Ms. Marzula. Considering this conclusion, the trial judge apparently determined that a ruling on Ms. Mar-zula’s exception of prescription was unnecessary.[2]
Recently, in reviewing a case which was concluded in the same manner as the case at bar, our brethren of the Second Circuit, in Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2d Cir.1988), stated:
“Unlike a motion for a directed verdict in a jury trial, LSA-C.C.P. Art. 1672(B) requires a judge to evaluate all the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. See Caldwell v. Texas Industries, Inc., 419 So.2d 86 (La.App. 2d Cir.1982) writ denied 423 So.2d 1149 (La.1982); Gleason v. City of Shreveport, 393 So.2d 827 (La.App. 2d Cir.1981) writ denied 397 So.2d 806 (La.1981); Sevin v. Shape Spa for Health & Beauty, 384 So.2d 1011 (La.App. 4th Cir.1980). Proof by a preponderance of the evidence simply means that taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Moreno ’s Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Gleason v. City of Shreveport, supra.
Although a plaintiff is entitled to no special inferences in his favor, uncontro-verted testimony should be taken as true *140 to establish a fact for which it is offered absent circumstances in the record casting suspicion on the reliability of the testimony and a sound reason for its rejection. Johnson v. Insurance Company of North America, 454 So.2d 1113 (La.1984); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Pool v. G.N. Batteries, Inc., 480 So.2d 898 (La.App. 2d Cir.1985).”
See also Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982), writ denied, 415 So.2d 952 (La.1982).
In this case, the only uncontro-verted testimony in favor of plaintiff established that there was a curb drain at the corner of Hill and Hickory streets which plaintiff struck when her automobile drifted too far to the right. The trial judge found no liability on the part of the City because of this condition. Likewise, since the trial judge found no liability on the part of Ms. Marzula, he must have believed her testimony and rejected that of plaintiff. Finding no clear error in these conclusions, we affirm.
For the reasons stated, the judgment of the district court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. The trial judge apparently mistakenly believed that Hill Street was under repair at the time of the accident. This was not the case. The pictures introduced into evidence showing repair work in progress were taken on other streets in the area in an attempt to depict the condition of Hill Street at the time of the accident. We do not find this mistaken impression to be significant, despite plaintiffs argument to the contrary.

. Inasmuch as plaintiffs amended petition adding Ms. Marzula as a party defendant was filed more than one year after the accident, any claim against her would be prescribed unless she was found solidarily liable with the City of Alexandria, who was timely sued.