CHARLES WM. ROBERTS, Judge Pro Tem.
This is a suit to collect unpaid parish school board sales taxes. The taxes are owed by Toby’s Little Lodge Gourmet Restaurant and Professional Catering Services, Inc. (Toby’s) which is no longer in business. The St. Landry Parish School Board sued K-Gene’s, Inc. (the correct name is K-Gen’s, Inc.) to collect the unpaid taxes. Plaintiff alleged that K-Gen’s purchased the business known as Toby’s without withholding a sufficient amount of the purchase money to cover the unpaid taxes, interest and penalties. It was plaintiff’s contention that K-Gen’s was liable for the sums due under Section 9.05 of its sales tax rules and regulations. The trial court found that the plaintiff failed to show any transaction of sale between Toby’s and K-Gen’s and directed a verdict in favor of the defendant, dismissing plaintiff’s suit. Plaintiff has appealed the judgment of the trial court.
FACTS
Toby’s and K-Gen’s are separate Louisiana corporations whose stock is owned by the same two individuals. K-Gen’s owns the immovable property and fixtures on which Toby’s operated its business. Toby’s leased the property in question from. K-Gen’s. On or about October 31, 1987 Toby’s went out of business in an insolvent state. On or about November 1, 1987 K-Gen’s applied for a license to do business and registered with the School Board Tax Office. Toby’s relinquished or vacated the leased premises which was subsequently occupied by K-Gen’s. Toby’s was liable for several months of past due rent which was forgiven by K-Gen’s. Charles Veltin, Sr. testified that there was little or nothing left of Toby’s inventory on the premises. He testified that the lease between Toby’s and K-Gen’s had not been canceled to his knowledge and the corporation had not been dissolved. Toby’s simply discontinued business one day and K-Gen’s began doing business the next. It is unclear from the record, however, exactly what business K-Gen’s operates.
*746 IS K-GENS A SUCCESSOR CORPORATION?
The regulation relied on by plaintiff provides as follows:
“Section 9.05. If any dealer liable for any tax, interest or penalty hereunder shall sell out his business or stock of goods or shall quit the business, he shall make a final report and payment within fifteen (15) days after the date of selling or quitting business. His successor, successors, or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, interest and penalties due and unpaid until such time as the former owner shall produce a receipt from the Treasurer showing that they have been paid, or a certificate stating that no taxes, interest, or penalties are due. If the purchaser of a business or stock of goods shall fail to withhold purchase money as provided, he shall be personally liable for the payment of the taxes, interest and penalties accured and unpaid on account of the operation of the business by any former owner, owners or assignors.”
Plaintiff produced no evidence of a sale of the business or transfer of stock to support its allegations. The only evidence presented by plaintiff was a check in the amount of $18,500 payable to Toby’s by K~Gen’s. This check, plaintiff asserted, was the consideration for the sale of the business. When questioned about the check, Mr. Veltin testified that the check was given to Toby’s to pay certain delinquent IRS obligations of Toby’s for which Mr. Veltin and his brother had become personally liable ■ as corporate shareholders. He testified that the money was borrowed from his stepfather and was then in turn loaned to Toby’s.
The trial court found, after hearing the testimony at trial, that the regulation imposes an obligation only upon the sale of a business. If there was a sale, then the buyer must withhold any past-due taxes from the purchase price. If there was no sale, then no such obligation arose. The trial court concluded that plaintiff failed to show any sale, therefore K-Gen’s was not obligated to withhold anything. For that reason, the trial court held that there could be no personal assessment against K-Gen’s.
A motion for a directed verdict in a nonjury case is more properly considered a motion for involuntary dismissal. LSA-C. C.P. art. 1672(B). Article 1672(B) requires that the judge evaluate all of the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366 (La.App. 2d Cir.1988). Taking the evidence as a whole, the trial court must determine whether the evidence shows that the fact sought to be proved is more probable than not. Id.
The trial court concluded, and we agree, that plaintiff failed to prove by a preponderance of the evidence the fact of a sale of Toby’s to K-Gen’s, thus bringing K-Gen’s within Section 9.05. We find no error in the trial court’s judgment.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal, insofar as they may be legally charged, are assessed to plaintiff-appellant.
AFFIRMED.