654 So.2d 716 (1995)
Anthony McCURDY
v.
Dr. R.F. AULT, d/b/a Ault Chiropractic Clinic and Dr. Jim Terrell.
No. 94 CA 1449.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
Rehearing Denied June 6, 1995.
*717 Glen C. Reynaud, Robert Stratton, Baton Rouge, for plaintiff-appellant Anthony McCurdy.
*718 William H. Parker, III, Lafayette, for defendant-appellee Dr. Robert F. Ault.
James L. Dendy, Baton Rouge, for defendant-appellee Dr. Jim Terrell.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment dismissing plaintiff's action pursuant to a motion for involuntary dismissal.

FACTS
On or about October 24, 1979, plaintiff, Anthony McCurdy, consulted Dr. Jim Terrell and/or Dr. R.F. Ault, chiropractors, regarding sinus problems. As a treatment, McCurdy was placed in inverted traction, which required him to be suspended upside down. While being reverted to an upright position, McCurdy began experiencing problems with his lower back, which was allegedly attributable to an insufficient period of acclimation. Thereafter, McCurdy suffered serious injury to his lower back, which necessitated surgery and prevented his return to work.
On October 24, 1980, McCurdy filed a petition for damages against Dr. R.F. Ault, d/b/a Ault Chiropractic Clinic, and Dr. Jim Terrell.[1] Numerous other claims and cross claims were filed among the defendants. The matter then proceeded to trial.
After the plaintiff presented his case, the defendants moved for an involuntary dismissal, which was granted by the trial judge. By judgment, dated December 1, 1993, plaintiff's claims against Dr. R.F. Ault, d/b/a Ault Chiropractic Clinic, and Dr. Jim Terrell were dismissed with prejudice.[2] Thereafter, McCurdy filed a motion for new trial, which was denied by the trial judge.
From this adverse judgment, McCurdy appeals, assigning the following errors:[3]
1. The trial court erred in failing to determine as a matter of law whether or not the use of the inverted traction table in 1979 exceeded the scope of practice for chiropractors as provided by statute.
A) The trial court erred in failing to determine as a matter of law whether or not use of a non-chiropractor to administer chiropractic treatment to Mr. McCurdy exceeded or violated the scope of practice for chiropractors, as provided by law.
2. The trial court erred in ruling that even if plaintiff's expert, Dr. Thomas Finn, had been allowed to testify as to the standard of care that his testimony was such that the doctors did not violate the standard of care in this case.
3. The trial court erred in limited [sic] Dr. Finn's testimony, as to the appropriate standard of care related to Mr. McCurdy's treatment, to the period of 1984 and afterwards.
4. The trial court erred in granting defendants' Motion for Involuntary Dismissal.

EXPERT TESTIMONY
McCurdy contends that the trial court erred in refusing to allow Dr. Thomas Finn, a chiropractor who did not become licensed until 1984, to testify as an expert witness regarding the standard of care in 1979. Dr. Finn's testimony was proffered. McCurdy reasons that the standard of care exercised by chiropractors in utilizing inverted traction tables remained unchanged between 1979 and 1984 and that, as such, Dr. Finn was qualified to testify in that regard.
Generally, an expert must satisfy the trial judge that he or she is qualified to give testimony regarding the applicable standard of care. See Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378, 1382 (La. 1992). In Arceneaux v. Koch, 567 So.2d 786, *719 787 (La.App. 3rd Cir.1990), the appellate court determined that a chiropractor who had not met the licensing requirements could not testify regarding treatment for the year in which he was not qualified to practice. Similarly, in Ensminger v. McCormick, 489 So.2d 1316, 1319 (La.App. 1st Cir.), writ denied, 493 So.2d 1219 (La.1986), this court held that if a person is not licensed to practice chiropractic in this state and he performs examinations in this state, then he cannot qualify as an expert witness.
Trial judges have great discretion in determining the qualifications of experts and the effect and weight to be given expert testimony. State v. Stringer, 567 So.2d 758, 761 (La.App. 2nd Cir.1990); Anthony v. Hospital Service District No. 1, 477 So.2d 1180, 1185 (La.App. 1st Cir.1985), writ denied, 480 So.2d 743 (La.1986); Brown v. Morgan, 449 So.2d 606, 608 (La.App. 1st Cir.1984). Trial judges are generally given wide discretion in determining whether a question or subject falls within the scope of an expert witness's field of expertise. Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226, 1236 (La.App. 4th Cir.1991), writs denied, 592 So.2d 1299, 1300 (La.1992); Nichols v. U.S. Rentals, Inc., 556 So.2d 600, 609 (La.App. 5th Cir.), writ not considered, 558 So.2d 597 (La.1990). Absent a clear abuse of the trial court's discretion in accepting a witness as an expert, appellate courts will not reject the testimony of an expert or find reversible error. State v. Stringer, 567 So.2d at 761-62.
In the instant case, Dr. Finn was examined on his qualifications as an expert. The testimony revealed that Dr. Finn graduated from the National College of Chiropractic in Lombard, Illinois in April of 1984. However, according to Dr. Finn, in 1979, he was employed as an industrial painter. Dr. Finn testified that he had no contact with chiropractic care in 1979 and did not attend chiropractic school until 1981. Moreover, Dr. Finn acknowledged that he did not read any literature relative to use of the inverted traction table printed prior to 1980, nor was he aware when this modality became accepted by chiropractors. However, Dr. Finn testified that, prior to 1984, the use of the inverted traction table was a modality utilized by chiropractors and that the scope of chiropractic care changed in 1986. Based on this testimony, the trial judge, while accepting Dr. Finn as an expert, refused to allow him to testify relative to the standard of care in 1979.
Although Dr. Finn was a qualified chiropractor at the time of trial, the record clearly reveals that he was not a licensed chiropractor at the time of McCurdy's treatment by the defendants. Additionally, Dr. Finn's own testimony demonstrates that he was not familiar with the standard of care regarding the use of inverted traction in 1979. Therefore, we find that the trial court did not abuse its discretion in refusing to allow Dr. Finn's testimony relative to the standard of care in 1979.

INVOLUNTARY DISMISSAL
Plaintiff contends that the trial court erred in granting the motion for involuntary dismissal.
LSA-C.C.P. art. 1672 B provides as follows:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
In a non-jury case, the appropriate standard for the trial court's determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence. Hutzler v. Cole, 93-0486 (La.App. 1st Cir. 3/11/94), 633 So.2d 1319, 1323, writ denied, 637 So.2d 1070 (La. 1994); Shafer v. State, Department of Transportation and Development, 590 So.2d 639, 642 (La.App. 3rd Cir.1991); Brown v. E.A. Conway Memorial Hospital, 588 So.2d 1295, *720 1298 (La.App. 2nd Cir.1991). In making its determination on such a motion, the trial court is not required to review the evidence in the light most favorable to the plaintiff as is done when a motion for directed verdict is filed in a jury case. Hutzler v. Cole, 633 So.2d at 1323-24; Shafer v. State, Department of Transportation and Development, 590 So.2d at 642. Unlike the motion for a directed verdict in a jury trial, a motion for involuntary dismissal pursuant to LSA-C.C.P. art. 1672 B requires a judge to evaluate the evidence and render a decision based upon a preponderance of the evidence without any special inferences in favor of the opponent to the motion. Hutzler v. Cole, 633 So.2d at 1324; Poland v. Glenn, 623 So.2d 227, 230 (La.App. 2nd Cir.), writ denied, 629 So.2d 1171 (La.1993); Barnes v. Thames, 578 So.2d 1155, 1164 (La.App. 1st Cir.), writs denied, 577 So.2d 1009 (La.1991); Fuller v. Wal-Mart Stores, Inc., 519 So.2d 366, 369 (La.App. 2nd Cir.1988). In other words, on a motion for involuntary dismissal, the trial judge is only required to weigh and evaluate all of the evidence presented up to that point and grant a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence. Hutzler v. Cole, 633 So.2d at 1324; Shafer v. State, Department of Transportation and Development, 590 So.2d at 642.
Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Hutzler v. Cole, 633 So.2d at 1324; Barnes v. Thames, 578 So.2d at 1164; Fuller v. Wal-Mart Stores, Inc., 519 So.2d at 369. Although petitioners are not entitled to any special inferences in their favor, absent circumstances in the record casting suspicion on the reliability of the testimony and sound reasons for its rejection, uncontroverted evidence should be taken as true to establish a fact for which it is offered. Fuller v. Wal-Mart Stores, Inc., 519 So.2d at 369.
A dismissal based on LSA-C.C.P. art. 1672 B should not be reversed in the absence of manifest error. Shafer v. State, Department of Transportation and Development, 590 So.2d at 642. For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, the reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The issue to be resolved is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882.

MEDICAL MALPRACTICE
McCurdy contends that the trial court erred in granting defendants' motion for involuntary dismissal after he proved a prima facie case in medical malpractice.
In a medical malpractice action against a chiropractor, a chiropractor is required to exercise the degree of care and skill ordinarily exercised by other chiropractors in a similar community. Boudreaux v. Panger, 490 So.2d 1083, 1085 (La.1986). Pursuant to LSA-R.S. 9:2794, the plaintiff in an action against a chiropractor has the burden of proving the standard of care and a violation of that standard. Boudreaux v. Panger, 490 So.2d at 1085. Moreover, the plaintiff must establish a causal relationship between the alleged negligence and the injury sustained. Roland v. Tedesco, 616 So.2d 780, 783 (La.App. 2nd Cir.), writ denied, 619 So.2d 579 (La.1993); Kile v. Louisiana Medical *721 Mutual Insurance Co., 615 So.2d 564, 565 (La.App. 3rd Cir.), writ denied, 617 So.2d 933 (La.1993). In order to determine whether the plaintiff has met this burden, courts rely on expert witnesses who are members of defendant's profession and who are qualified to testify. Moore v. Healthcare Elmwood, Inc., 582 So.2d 871, 877 (La.App. 5th Cir. 1991). Resolutions of these inquiries are determinations of fact. Snia v. United Medical Center of New Orleans, 93-2367 (La.App. 4th Cir. 5/26/94), 637 So.2d 1290, 1292, writ denied, 94-1653 (La. 10/7/94), 644 So.2d 637.
In the instant case, the only expert testimony introduced at trial was the proffered testimony of Dr. Thomas Finn, which we determined earlier was properly excluded, and the deposition testimony of Dr. Henry Larocca. Although Dr. Larocca's deposition testimony revealed that McCurdy's injuries may have been caused by the inverted traction treatment, his testimony did not address the standard of care for chiropractors and whether the defendants breached that standard. Moreover, even considering Dr. Finn's proffered testimony, Dr. Finn did not testify as to the applicable standard of care in 1979. Nor did Dr. Finn testify that the use of the inverted traction table was a breach of any standard of care existing in 1979. Further, in the proffer, Dr. Finn testified that he was originally led to believe that there had been no acclimation period during the inverted traction therapy, but that the testimony at trial revealed that McCurdy had been acclimated following therapy. Dr. Finn further testified that, based upon the testimony at trial, he could not say that either of the defendants had done anything wrong.
Based upon the record, we find that there is no expert testimony that Dr. Terrell and/or Dr. Ault breached the proper standard of care. The absence of expert testimony that the health care provider breached the proper standard of care has prevented the imposition of liability. See Cherry v. Herques, 623 So.2d 131, 134 (La.App. 1st Cir. 1993); Moore v. Healthcare Elmwood, Inc., 582 So.2d at 878; Peters v. ABC Insurance Company, 552 So.2d 430, 434 (La.App. 4th Cir.1989). Considering the entire record in this matter, without any expert testimony supporting McCurdy's claims of medical malpractice by Drs. Terrell or Ault, we find that the trial judge did not err in finding that McCurdy failed to make a prima facie showing of liability.

CONCLUSION
For the above reasons, the judgment of the trial court granting the motion for involuntary dismissal and dismissing McCurdy's claims at his cost is affirmed. McCurdy is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] Plaintiff filed two amending and supplemental petitions. In his first amended petition, McCurdy named Physicare, Inc., Physicare Enterprises, and Dr. R.H. Maguire, d/b/a Maguire Industries, as additional defendants, alleging that these defendants designed and marketed the inverted traction table used by Ault and Terrell. McCurdy also increased his request for damages.
[2] The judgment also dismissed McCurdy's claims against Richard H. Maguire.
[3] Although the opinion does not address each assignment of error individually, the opinion adequately disposes of all of the issues raised.