# NOT FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**20-622**

**DERRICK ALEXANDER**

**VERSUS**

**GOVERNMENT EMPLOYERS INSURANCE COMPANY, SILVINA REID AND STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.**

**\*\*\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
CITY COURT OF ALEXANDRIA
PARISH OF RAPAIDES, DOCKET NO. 144518
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\***
**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Chief Judge, Billy Howard Ezell and D. Kent Savoie, Judges.

**AFFIRMED.**

**Jerald Edward Knoll**
**Jerald Edward Knoll, Jr.**
**Laura B. Knoll**
**Chancey Anna Kimble**
**The Knoll Law Firm**
**233 S. Main Street**
**Marksville, LA 71351**
**(318) 253-6200**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Derrick Alexander**

**Andrew P. Texada**
**Stafford, Stewart & Potter**
**3112 Jackson Street**
**Alexandria, LA 71304**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
        **State Farm Mutual Automobile Insurance Co.**

**COOKS, Chief Judge.**

On January 12, 2019, Plaintiff, Derrick Alexander, was exiting Interstate 49 in Alexandria, Louisiana using the Broadway Avenue exit. Plaintiff testified he came to a complete stop at the traffic light which controls the exit. When the light turned green, he proceeded forward and was struck on the driver's side door by a vehicle driven by Silvina Reid. The force of the collision caused the air bags in Plaintiff's Honda Accord to deploy. It was later determined that Plaintiff's vehicle was totaled as a result of the accident. Ms. Reid admitted to the responding officer that she crossed on a red light.

Plaintiff suffered a momentary loss of consciousness at the scene. Following his removal from the vehicle by emergency personnel, Plaintiff was taken by ambulance to Christus St. Frances Cabrini Hospital. He complained of numbness on his left side and extremities. Plaintiff began treatment with Dr. Robert Rush of Injury Management Specialists in Alexandria. He was diagnosed with cervical, thoracic and lumbar strains, left cervical radiculopathy, left ulnar neuropathy and left shoulder problems. Dr. Rush recommended Plaintiff undergo physical therapy at Elite Physical Therapy. After the physical therapy had limited effect on Plaintiff's symptoms, Dr. Rush referred Plaintiff for cervical and lumbar MRI's. Dr. Rush stated the MRI of the lumbar spine showed a small herniation at L5-S1, and the cervical MRI showed some cervical disc disease. Plaintiff, noting that physical therapy had offered very little improvement, requested to see a chiropractor at Elite Healthcare Alliance. Plaintiff also underwent massage therapy to alleviate the lumbar and cervical pain he was experiencing, as well as performing home exercises recommended by his physicians.

Plaintiff filed a personal injury suit in the Alexandria City Court. The vehicle Silvina Reid was driving was insured by Shelter Insurance Company with liability limits of $15,000.00/$30,000.00. In addition, Ms. Reid had a personal liability

insurance policy with Government Employers' Insurance Company (GEICO) with liability limits of $30,000.00/$60,000.00. Plaintiff was insured by State Farm Mutual Automotive Insurance Company with uninsured/underinsured motorist coverage limits of $15,000.00/$30,000.00. Prior to trial, Plaintiff settled with Shelter for payment of its policy limits of $15,000.00 and with GEICO for its liability limits of $30,000.00. Therefore, only State Farm, in its role as UM insurer of Plaintiff, remained as a defendant.

Through the date of trial, Plaintiff totaled $12,781.18 in itemized medical expenses. Plaintiff was the only witness to testify live at trial, and the deposition testimony of Dr. Rush was entered into evidence. Plaintiff, who worked as a certified personal trainer, testified he was unable to see clients for nearly a month in the immediate aftermath of the accident. He testified he lost flexibility and mobility due to the injuries he sustained in the accident, which he maintained persisted up to the date of trial. He noted the physical limitations he has placed on himself since the accident made it difficult to perform his job as a personal trainer. On cross-examination, defense counsel noted Plaintiff had placed several workout and running videos on social media which seemingly contradicted his testimony that he was physically impacted by the injuries he suffered in the accident.

Following trial, the city court judge rendered oral reasons from the bench. The judge found Ms. Reid was one hundred percent (100%) at fault in causing the accident. The judge noted that Plaintiff was a "very credible witness" and found the evidence established Plaintiff was having problems up to the date of trial. The judge then awarded $35,000.00 in damages for past pain and suffering, $12,781.18 in medical expenses and $15,000.00 in future pain and suffering (for a total award of $62,781.18. State Farm, as UM insurer, was entitled to a $45,000.00 credit for the prior settlements between Plaintiff and Shelter and GEICO. State Farm was then cast in judgment for its limits of $15,000.00 plus court costs and legal interest.

3

State Farm has appealed the lower court judgment, contending the city court judge erred in finding there was sufficient proof that Plaintiff would suffer any future pain and suffering, and any award for future pain and suffering was manifestly erroneous. In the alternative, State Farm maintains, even if there were sufficient evidence of future pain and suffering, the total award of $50,000.00 in general damages is clearly excessive. Finding no manifest error on the part of the city court judge, we affirm the lower court judgment in all respects.

**DECREE**

This court recently in *Cole v. Allstate Insurance Co.*, 07-1046, p. 2-3 (La.App. 3 Cir. 6/5/08), 987 So.2d 310, 312-13, *writ denied*, 08-1463 (La. 10/31/08), 994 So.2d 535, discussed the appellate standard of review for factual determinations as follows:

> The standard of appellate review of a trial court's factual findings is well settled and has long been established in this state. A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Our supreme court set forth a two-part test for the reversal of a factfinder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *Earls v. McDowell*, 07-17 (La.App. 5 Cir. 5/15/07), 960 So.2d 242, citing *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993). On appeal, the issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Id.* Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Earls*, *supra*, citing, *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).
>
> An appellate court cannot shirk its duty of appellate review of fact by simply deferring to a trial court's factual determinations because its reasons for judgment are couched in terms of a credibility call. *Earls*, *supra*, citing, *Rogers v. City of Baton Rouge*, 04-1001 (La.App. 1st Cir. 6/29/05), 916 So.2d 1099, 1104, *writ denied*, 05-2022 (La. 2/3/06), 922 So.2d 1187. This Court has a constitutional responsibility to review the entire record and to determine whether, as a whole, it supports the judgment rendered by the trial court. *Earls*, *supra*, citing, LSA-Const. Art. 5, section 10(B); *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La.2/20/95), 650 So.2d 742.

4

Proof by a preponderance of the evidence is defined as taking the evidence as a whole, the fact to be proved is more probable than not. *Earls*, *supra*, citing, *Fuller v. Wal-Mart Stores, Inc.*, 519 So.2d 366 (La.App. 2nd Cir.1988). Uncontroverted evidence should be taken as true to establish a fact for which it is offered absent any circumstances in the record casting suspicion as to the reliability of this evidence and sound reasons for its rejection. *Id.*

*Boxie v. Smith-Ruffin*, 07-264, pp. 3-4 (La.App. 5 Cir. 2/6/08), 979 So.2d 539, 545.

Because general damages are inherently speculative in nature and cannot be fixed with mathematical certainty, the law grants the factfinder much discretion in their assessment. *Youn v. Mar. Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). Our role, as the reviewing court, is not to decide what we may consider to be an appropriate award, but rather to determine "whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it." *Bitoun v. Landry*, 302 So.2d 278, 279 (La.1974). The adequacy of the award must be determined by the facts or circumstances particular to the case under consideration. *Youn*, 510 U.S. 1114. Only after finding an abuse of that broad discretion, based on the record, can we disturb the award made by the trial court. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

At oral argument on this matter, State Farm conceded the $35,000.00 award for past pain and suffering was warranted and limited its argument solely to the award for future pain and suffering. State Farm maintained there was no evidence in the record to justify the trial court's award of $15,000.00 in future pain and suffering. Specifically, it contends there was no medical evidence or testimony to suggest more probable than not that Plaintiff would suffer any future pain and suffering.

State Farm correctly notes that Dr. Rush's deposition testimony concluded that injuries to the "SI triad' of muscles typically resolve within twelve weeks.

5

However, Dr. Rush noted there are situations where this is not the case and the problems can linger for a much longer period of time. Dr. Rush testified in Plaintiff's case, the injury to the SI triad was a chronic condition. The following testimony was elicited on this point:

> Q. Doctor, still we're almost a year post-accident and he's still having complaints regarding the SI area. Would you say it's chronic in nature?
>
> A. I would think so. Anything over six months would be chronic. But you have to maintain those things. You learn your exercises. You learn how to maintain. You just may have a chronic right SI. Just learn how to live with it, and if it hurts, I know what to do.

State Farm also dismissed Dr. Rush's concerns over a possible herniated disc at L5-S1, stating it was testified by Dr. Rush that this herniation could have been caused by a degenerative condition. However, Dr. Rush clearly stated, at a minimum, the herniation likely was aggravated by the accident. State Farm also maintained Dr. Rush testified the disc herniation at L5-S1 was not a "pain generator." However, Dr. Rush noted Plaintiff was experiencing radiculopathy in his hip, which radiated down his legs all the way to his toes. Dr. Rush stated "[d]ue to his leg going numb and such, I went ahead and ordered an MRI of the lumbar spine." Dr. Rush also, contrary to State Farm's assertions, could not rule out the disc herniation being a pain generator, as the following exchange demonstrates:

> A.    . . . Sometimes you can find a herniation that's not the pain generator, it could be SI piriformis causing the radiculopathy, and believe it or not, I have seen discs operated on when they weren't the pain generator. So I'm just saying doing fifty years of this, you see al lot of stuff.
>
> Q. In this particular case, Doctor, what's your opinion as to the pain generator for Mr. Alexander?
>
> A. I think it's more SI, but he does have a disc, and I can't say forever that it's not [the pain generator]. . .
>
> So the exam looks more SI piriformis than it does lumbar radiculopathy, although he's got an MRI that could justify maybe some lumbar component.

Thus, we find no merit to State Farm's contention that the lumbar disc was dismissed by Dr. Rush as unproblematic. Dr. Rush's testimony establishes a disc component to Plaintiff's pain.

We find the record provides reasonable support for the trial court's award of $15,000.00 for future pain and suffering. Dr. Rush's testimony provided a medical basis to support Plaintiff's complaints of pain he testified he was still experiencing at the time of the trial. Accordingly, we affirm the trial court's judgment.

## DECREE

For the foregoing reasons, the judgment of the lower court is affirmed in all respects. Costs of this appeal are assessed to defendant-appellant, State Farm Mutual Automotive Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.